# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRENDA K. WINBLOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  06-CV-422-PJC** |
| | ) | |
| **DON CLARY, JOSEPHINE** | ) | |
| **POLITO, and THE UNITED** | ) | |
| **STATES OF AMERICA,** *ex rel.* | ) | |
| **UNITED STATES ARMY CORPS** | ) | |
| **OF ENGINEERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is the Motion to Dismiss filed by the United States of America on behalf of the United States Army Corps of Engineers (hereafter the "United States").  (Dkt. #8). Plaintiff Brenda K. Winblood ("Winblood") brought this action in the Creek County District Court on March 1, 2006 against Defendants Don Clary ("Clary"), his mother, Josephine Polito ("Polito"), and the United States.  She alleges that on July 3, 2001 she was a passenger in a boat owned by Polito and operated by Clary when the boat ran upon rocks and/or a submerged roadbed near the New Mannford Ramp in Creek County, causing the boat to wreck and Winblood to be severely injured.  Winblood alleges claims of negligence and gross negligence against Clary for his reckless operation of the boat, Polito for failing to insure that the boat was operated in a safe and prudent manner and the United States for failing to insure "that known hazards on the lake were properly marked at all times in order to prevent accidents and/or damage to boats on the lake." *Petition*, Exhibit 1 to Notice of Removal (Dkt. #2).

As Winblood's claim against the United States is brought under the Federal Tort Claims

Act (the "FTCA"), 28 U.S.C. §§ 1346, 2671-2680, she alleges that she filed "the appropriate Tort Claim Notice with the U.S. Army Corps of Engineers on July 1, 2003 which claim was denied by letter dated September 21, 2004."  After denial of her administrative claim, Winblood filed suit in Creek County District Court in October 2004 against Clary, Polito, the Keystone Lake Association, Ranger Boats (Wood Manufacturing Company, Inc.) and the United States, which action was removed by the United States to this Court on October 12, 2004.  *See Winblood v. Clary*, Case No. 04-C-782-CVE-FHM.   Wood Manufacturing Company, Inc. was dismissed by stipulation.  After the parties failed to respond to Judge Claire V. Eagan's Order to Show Cause, Judge Eagan dismissed the case without prejudice.

Winblood then filed the present action in Creek County District Court on March 1, 2006 and the United States removed the case to this Court on August 15, 2006 pursuant to 28 U.S.C. §§ 1441, 1442 and 1446. (Dkt. #2).  Once removed, the parties consented to proceed before the undersigned.  (Dkt. #12).  The United States now moves to dismiss Winblood's claim against it as barred by the applicable statute of limitations.

Section 2401(b) of the FTCA provides the applicable statute of limitations:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. §2401(b).  Winblood alleges that she was injured on July 3, 2001 and presented her claim to the United States on July 1, 2003, within two years after the claim accrued.  However, according to her Original Petition, she received the notice of final denial of her tort claim from the United States on September 21, 2004, yet did not file this lawsuit until March 1, 2006.  The

2

United States seeks dismissal of the claims against it as outside the six-month limitations period required by §2401(b).

Winblood does not dispute that she did not file this lawsuit within the six-month limitations period under §2401(b).  However, she contends that her claims against the United States are nonetheless timely because she originally brought suit against the United States in October 2004, a month after receipt of the United States' final denial of her claim, and thus was within the six-month limitations period.  Although that suit was dismissed on March 24, 2005, Winblood argues that she refiled her claim within the one-year Oklahoma savings statute, 12 O.S. §100, and therefore, her claim is timely, citing *Cruse v. Board of County Commissioners of Atoka County*, 910 P.2d 998 (Okla. 1995).

Winblood's reliance on *Cruse* is misplaced.  In *Cruse*, the Oklahoma Supreme Court held that the Oklahoma savings statute, 12 O.S. §100, allows the refiling of a claim under the Oklahoma Governmental Tort Claims Act, 51 O.S. §151 *et seq.* (hereafter, the "OGTCA"), although such filing is outside the 180-day limitation period under the Act set forth in 51 O.S. §157.[1]  *Cruise*, 910 P.2d at 999.  The governmental tort claim referenced in *Cruse*, however, is a state claim under the OGTCA, not a federal claim under the FTCA.  The issue before the Court is whether the Oklahoma savings statute operates to "save" an untimely FTCA claim, not an OGTCA claim.  The Tenth Circuit has held that it does not.

---

[1] Section 157(B) states in pertinent part:

No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section.  The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for the purpose of continuing to attempt settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss.

51 O.S. §157(B).

In *Pipkin v. United States Postal Service,* 951 F.2d 272 (10th Cir. 1991), the Tenth

Circuit recognized the general rule "that a court looks to state law to define the time limitation

applicable to a federal claim only when 'Congress has failed to provide a statute of limitations

for a federal cause of action.'" *Id*. at 274 (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v.

Gilbertson*, 501 U.S. 350 (1991)); *see also Brown v. Hartshorne Public School Dist. No. 1*, 926

F.2d 959, 961-62 (10th Cir. 1991)("When Congress has provided a federal statute of limitation

for a federal claim, . . . state tolling and saving provisions are not applicable."); *Quarles v.

United States*, 2006 WL 2054974 at *4-5 (N.D.Okla.)(citing the general rule in *Pipkin* and

*Brown* and concluding that the Oklahoma savings statute does not save an untimely claim under

the Osage Allotment Act).  Applying the general rule in *Pipkin*, the Tenth Circuit held that

"Congress has expressly stated the applicable limitation period for FTCA claims" in §2701(b),

and therefore the Oklahoma savings statute cannot extend the six-month time limitation for

bringing a claim under the FTCA.  *Pipkin*, 951 F.2d at 274-75; *see also Benge v. United States*,

17 F.3d 1286, 1288 (10th Cir. 1994).  The circuit court reasoned that its holding "comports with

precedent recognizing that the FTCA represents a waiver of the sovereign immunity of the

United States, and, as such, must be strictly construed":

> In enacting the FTCA limitations period, 28 U.S.C. §2401(b), as a condition of
> that waiver, Congress struck a balance between tort claims against the United
> States and preventing assertion of state claims.  Court are not free to construe
> section 2401(b) so as to defeat that section's purpose of encouraging prompt
> presentation of claims against the federal government.  The limitations period is a
> meritorious defense that is itself in the public interest.  Therefore, in construing
> the FTCA's statute of limitations, courts should not extend that waiver beyond
> congressional intent.

*Pipkin*, 951 F.2d at 275 (citations omitted).

The Court, therefore, holds that the Oklahoma savings statute does not extend the six-

month statute of limitations set forth in §2401(b) to save Winblood's FTCA claim from dismissal.  Accordingly, the Court grants the Government's Motion to Dismiss Winblood's claims against it.  (Dkt. #8).

As dismissal of the United States removes the only basis for the Court's subject matter jurisdiction over this case, the Court remands the original action to state court.  Remand to state court following removal is governed by 28 U.S.C. §1447(c).  *Fended v. Okla. Water Res. Bd.*, 235 F.3d 553, 557-58 (10th Cir. 2000).  The United States removed this case based on Winblood's FTCA claim against it.  Because the Court has now dismissed the sole claim against the United States, only the state law negligence claims between non-diverse parties[2] remain. The Court, therefore, is without jurisdiction and accordingly remands the case to Creek County District Court. 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

IT IS SO ORDERED, this 25th day of October, 2006.

Paul J. Cleary
United States Magistrate Judge

---

[2] Winblood, Clary and Polito are alleged to be residents of Creek County.

5